UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

KLAUS WIMMER,

                          Plaintiff,

        -against-

LUMBER LIQUIDATORS, INC. AND BOSTIK, INC.

                          Defendants.

------------------------------------------------------------------------x

**NOTICE OF REMOVAL TO
THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK**

**'07 CIV 10599**

**JUDGE KARAS**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C.S. §§ 1441(b), 1446, Fed.R.Civ.P. 81(c), and Local Rule 81.1, the Defendants Bostik, Inc. and Lumber Liquidators, Inc. hereby remove the above-captioned action to the United States District Court for the Southern District of New York:

1.     The Plaintiff commenced this breach of contract/breach of warranty action by filing the Summons and Verified Complaint with the Clerk of the County of Dutchess on or about May 1, 2007.

2.     Neither the Summons nor the Verified Complaint identified the amount of the Plaintiff's claim.

3.     The Plaintiff served the Summons and Verified Complaint upon Defendant Bostik, Inc. through the Secretary of State of the State of New York pursuant to Business Corporation Law §307 on or about June 13, 2007. Upon information and belief, the Plaintiff served the Summons and Verified Complaint upon Defendant Lumber Liquidators, Inc. through the Secretary of State of the State of New York pursuant to Business Corporation Law §306 on or about June 12, 2007.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

4.    The Defendants first learned that the Plaintiff is seeking damages in excess of $75,000.00 based upon information contained in the Plaintiff's response to Defendant Bostik, Inc.'s First Set of Interrogatories, which the Plaintiff served by first class mail on November 1, 2007.  Specifically, Interrogatory Answer Nos. 20, 23, 28, and 32 allege damages in the amount of $87,757.51.  (A copy of the Interrogatory Answers, without exhibits, is submitted herewith as Exhibit "A.")

5.    The Plaintiff is a citizen of the State of New York residing at 12 Blueberry Hill Road, East Fishkill, New York.

6.    Defendant Bostik, Inc. is incorporated under the laws of the State of Delaware, and its principal place of business is 11320 Watertown Plank Road, Wauwatosa, Wisconsin.

7.    Defendant Lumber Liquidators, Inc. is incorporated under the laws of the State of Delaware and its principal place of business is 300 John Deere Road, Toano, Virginia.

8.    Pursuant to 28 U.S.C.S. §1332(a), the United States District Court for the Southern District of New York, White Plains Division, has jurisdiction over the above captioned because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

9.    Pursuant to 28 U.S.C.S. §1446(b), Defendant Bostik, Inc. has timely filed this notice of removal (a) within 30 days of receipt of an amended pleading, motion, order, or other paper or information from which it may be first ascertained that the case is one which is or has become removable; and (b) within one year of commencement of the action.

10.    Defendant Lumber Liquidators, Inc. consents to removal.

11.    Pursuant to 28 U.S.C.S. §1441(a), venue currently lies in the United States District Court for the Southern District of New York, White Plains Division, because that is the District and Division embracing the place where such action is pending.

12.    A copy of the Summons and Verified Complaint, dated May 1, 2007, Verified Answer of Defendant Lumber Liquidators, Inc., dated July 20, 2007, Verified Answer of the Defendant Bostik, Inc. dated July 26, 2007, and Amended Verified Answer of the Defendant Bostik, Inc., dated August 13, 2007 are submitted herewith as Exhibit "B." Upon information and belief, no other process, pleadings, or orders have been served upon the Defendants in the action.

Dated: Poughkeepsie, New York
       November 26, 2007

By: _____
    J. SCOTT GREER, ESQ.  (JG 2203)
    **LEWIS & GREER, P.C**
    *Attorney for Defendant, Bostik, Inc.*
    510 Haight Avenue, P.O. Box 2990
    Poughkeepsie, New York 12601
    Telephone: (845) 454-1200

By: _____
    LILLIAN S. WEIGERT, ESQ (LW 2869)
    **GELLERT & KLEIN, P.C**
    *Attorney for Defendant, Lumber Liquidators, Inc*
    75 Washington Street
    Poughkeepsie, New York 12601

TO:    DAVID A. SEARS, ESQ.
       *Attorney for Plaintiff, Klaus Wimmer*
       One Civic Center Plaza, Suite 302
       Poughkeepsie, New York 12601

       Hon. Bradford Kendal
       Dutchess County Court Clerk
       County Office Building
       22 Market Street
       Poughkeepsie, New York 12601

Ex. A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

-----------------------------------------------------------------

KLAUS WIMMER,

                                 Plaintiff,

    -against-

LUMBER LIQUIDATORS, INC. and BOSTIK, INC.

                             Defendants.

-----------------------------------------------------------------

**RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**INDEX #2007-2555**

    **S I R S:**

    **PLEASE TAKE NOTICE** that Plaintiff, by his attorney, DAVID A. SEARS, ESQ., responds to the Defendant, Bostik, Inc.'s, First Set of Interrogatories dated August 14, 2007 as follows:

**INTERROGATORIES**

    1.    Identify each person who assisted in the answer of each interrogatory.

    **ANSWER:   Plaintiff Klaus Wimmer answered all questions.**

    2.    Identify the age, date of birth, residence address, business address, occupation, and social security number of Plaintiff.

    **ANSWER:   Age: 50**

                      **Date of Birth:  July 19, 1957**

                      **Residence Address: 12 Blueberry Hill Road, Hopewell**

                                      **Junction, NY 12533**

                      **Business Address: Same as residence address.**

                      **Occupation: Consultant**

-1-

3.    Identify each person not a party to the above-captioned who caused or contributed in whole or in part, to the damages alleged in the Complaint.

**ANSWER:    None.**

4.    Identify each communication between the Plaintiff and a Defendant concerning the subject matter of the litigation.

**ANSWER:    Plaintiff had no communication with Bostik employees.**

5.    Identify each person who has knowledge or relevant facts concerning the cause of the damages alleged in the Complaint.

**ANSWER:    David Draper, Lumber Liquidators, Inc.**

**Pat Foley, Lumber Liquidators, Inc.**

**Steve Tolli, S/L Certified Inspection Service**

**Klaus Wimmer**

6.    With respect to Paragraph "4" of the Complaint, identify:

(a) The date of purchase of the Wood Flooring.

**ANSWER:    October and November, 2005**

(b) The manufacturer of the Wood Flooring.

**ANSWER:   Bellawood.**

( c) The type or kind of Wood Flooring.

**ANSWER:    Maple Wood Flooring.**

(d)  The amount of Wood Flooring purchased.

**ANSWER:    See invoices attached hereto as Exhibit "B".**

-2-

(e) The total price and the unit price for the Wood Flooring purchased.

**ANSWER:    See invoices attached hereto as Exhibit "B".**

(f) The place where the Wood Flooring was purchased; and the salesperson, if any.

**ANSWER:  Lumber Liquidators, Inc., Patrick Foley, Salesperson.**

7.    With respect to Paragraph "5" of the Complaint, identify:

(a) The date of purchase of the Bostik MVP.

**ANSWER:    See invoices attached hereto as Exhibit "D".**

(b) The product number for the Bostik MVP.

**ANSWER:    See invoices attached hereto as Exhibit "D".**

( c) The amount of Bostik MVP purchased.

**ANSWER:    See invoices attached hereto as Exhibit "D".**

(d) The total price and the unit price for the Bostik MVP purchased.

**ANSWER:    See invoices attached hereto as Exhibit "D".**

(e) The place where the Bostik MVP was purchased, and the salesperson, if any.

**ANSWER:  Lumber Liquidators, Inc., Patrick Foley, Salesperson.**

8.    With respect to Paragraph "6" of the Complaint, identify the person who represented that the "use of Bostik MVP was required on the floor installation to prevent moisture from traveling from concrete to the solid wood flooring being installed".

**ANSWER:    Patrick Foley, Lumber Liquidators, Inc., and David Draper, Lumber Liquidators, Inc.**

9.    With respect to Paragraph "6" of the Complaint, identify the employee of Lumber Liquidators who "specifically stated that without the Bostik MVP products, no warranty would be recognized against any cupping that may occur to the floor".

**ANSWER:    Patrick Foley, Lumber Liquidators, Inc., and David Draper, Lumber Liquidators, Inc.**

10.    With respect to Paragraph "7" of the Complaint, identify the source of the statements attributed, upon information and belief, to Bostik concerning the elimination of "moisture-related cupping" and that "no moisture testing is required prior to applying MVP.

**ANSWER:    See MVP press release attached hereto as Exhibit "C".**

11.    With respect to Paragraph "8" of the Complaint, identify:

(a) The location of the real property where the Wood Flooring was installed.

**ANSWER:    First floor and second floor of residence located at 12 Blueberry Hill Road, Hopewell Junction, NY 12533.**

(b) The type of improvement or structure where the wood flooring was installed (i.e., commercial, residential, new construction, renovation).

**ANSWER:    Residential new construction.**

-4-

12.    With respect to Paragraph "8" of the Complaint, identify:

(a) The person who installed the Wood Flooring.

**ANSWER:    Klaus Wimmer and his employees.**

(b) The contract or other agreement between the Plaintiff and the

installer, if any, including the price, the materials, installation

schedule, and warrantees.

**ANSWER:    N/A.**

13.    With respect to Paragraph "8" of the Complaint, identify the date(s) of

installation of the Wood Flooring.

**ANSWER:    On or around December 14, 2005.**

14.    With respect to Paragraphs "5" and "8" of the Complaint, identify the

location or place where the Wood Flooring was stored and the manner and means

of storing the Wood flooring between the date the Wood Flooring was purchased

in November, 2005, and the date of installation in December, 2005.

**ANSWER:    The flooring was purchased in October and November,**

**2005.  The flooring was delivered from Defendant, Lumber Liquidators, Inc.**

**to the Plaintiff's resident and stored inside until installation. The flooring was**

**laid out in its boxes on the sub flooring slab for acclimation for several weeks**

**to mid December when the installation occurred.  Humidity and temperature**

**were controlled by heating the house.  See invoices for Lumber Liquidators,**

**Inc. As Exhibit "B".**

-5-

15.    With respect to Paragraph "10" of the Complaint, identify the damages the Plaintiff has allegedly sustained as a result of the "cupping of the solid wood floor", including the nature of the damage and the amount or value of the economic or peculinary loss of the Plaintiff.

**ANSWER:    The flooring developed a cupped posture or "cupping" which is the center of the boards being lower than the sides.  This was first observed approximately four weeks after installation and is apparent throughout Plaintiff's house on both the main (or entry) level and the upper level.  The main level was sanded and urethaned in order to remove the cupping appearance.**

16.    With respect to Paragraph "13" of the Complaint, identify each negligent and careless act or omission committed by Lumber Liquidators in "designing, manufacturing, recommending, testing, or failing to test, it's [sic] products so to be unsuitable for use as recommended".

**ANSWER:    Lumber Liquidators, Inc. Pat Foley and David Draper stated that the floor was suitable for the installation, also on Lumber Liquidators, Inc. and Bellawood's websites, suitability of flooring and warranty is stated. The product failed to perform.  See Exhibit "E" attached).**

17.    With respect to Paragraph "13" of the Complaint, identify each negligent and careless act or omission committed by Bostik in "designing, manufacturing, recommending, testing or failing to test, it's [sic] products to be unsuitable for use as recommended".

-6-

**ANSWER:** Lumber Liquidators Inc.'s Pat Foley and David Draper stated that Bostik MVP and Bostik Best Glue were required for the installation to prevent moisture damage, i.e. cupping to the floor. Also on Bostik's web page it states that MVP prevents moisture damage. The product failed to perform as promised. See Exhibit "E" attached hereto.

18.    With respect to Paragraphs "13" and "14" of the Complaint, identify each attribute or characteristic of the Bostik MVP which is allegedly unsuitable for the recommended use.

**ANSWER:** SL Certified Inspection identified that Bostik MVP did not perform as intended as it allowed moisture penetration. The product failed to perform as promised.

19.    With respect to Paragraph "16" of the Complaint, identify each "substantial risk of damage", "substantial dangers", and "hazards", allegedly created, caused or attributable to Bostik MVP.

**ANSWER:** Cupping of the floor which is a tripping hazard.

20.    With respect to Paragraphs "17" and "18" of the Complaint, identify each item of damage, including the nature of the damage and the amount or value of the economic or peculinary loss to the Plaintiff.

**ANSWER:** Damage of the over 2,800 square feet of flooring through cupping. Replacement cost of cupped flooring. See invoices attached hereto as Exhibit "G".

-7-

| | |
|---|---|
| **Original Purchase & Installation** | |
| Material (approx.)* | $19,000.00 |
| Labor (approx.)* | $12,000.00 |
| **Sub Total Original Installation** | $31,000.00 |
| | |
| **Replacement** | |
| Material | $24,558.81 |
| Labor | $23,002.50 |
| **Sub Total Replacement** | $47,561.31 |
| | |
| Contingency 15% | $ 7,134.20 |
| 1 floor temp repair | $ 3,062.00 |
| **Sub Total** | $10,196.20 |
| | |
| **Total** | $87,757.51 |

*impossible to determine exactly because costs also include trim which is difficult to itemize in retrospect.

21.    With respect to Paragraph "21" of the Complaint, identify each attribute or characteristic of the Bostik MVP which is "defective and unreasonably dangerous for its intended use".

**ANSWER:    The product does not perform as promised.**

22.    With respect to Paragraph "22" of the Complaint, identify the "directions" provided by Lumber Liquidators and Bostik concerning the installation of the Bostik MVP, including the person who provided the directions, the date when the person provided the directions, and the form of the directions (oral and/or written).

**ANSWER:    Lumber Liquidators, Inc.'s Pat Foley and David Draper, prior to purchase (on or about 9/27/05) stated that Bostik MVP had to be installed in order for the flooring to be covered by warranty against cupping or moisture damage.  The written installation instruction on the Bostik MVP**

-8-

container were followed precisely, as well as the instructions from Bostik's and Lumber Liquidators, Inc.'s web sites dated 11/9/05 (See Exhibit "E" attached hereto).  Also see S/L Inspection regarding Bostik MVP Installation attached hereto as Exhibit "A".

23.     With respect to Paragraph "26" of the Complaint, identify each item of damage, including the nature of the damage and the amount or value of the economic or peculinary loss to the Plaintiff.

**ANSWER:**   Damage of the over 2,800 square feet of floor through cupping.  Replacement cost of cupped flooring (see invoices attached hereto as Exhibit "G".

| | |
|---|---|
| **Original Purchase & Installation** | |
| Material (approx.)* | $19,000.00 |
| Labor (approx.)* | $12,000.00 |
| **Sub Total Original Installation** | $31,000.00 |
| | |
| **Replacement** | |
| Material | $24,558.81 |
| Labor | $23,002.50 |
| **Sub Total Replacement** | $47,561.31 |
| | |
| Contingency 15% | $ 7,134.20 |
| 1 floor temp repair | $ 3,062.00 |
| **Sub Total** | $10,196.20 |
| | |
| **Total** | $87,757.51 |

*impossible to determine exactly because costs also include trim which is difficult to itemize in retrospect.

24.     With respect to Paragraphs "28" and "29" of the Complaint, identify each express warranty that Lumber Liquidators provided to the Plaintiff with respect

-9-

to the Bostik MVP, including the person who provided the warranty, the date the warranty was provided, the terms of the warranty, and the form of the warranty (oral and/or written).

**ANSWER:    Lumber Liquidators, Inc., Patrick Foley and David Draper prior to purchase (on or about 9/27/06) stated that Bostik MVP had to be installed in order for the flooring to be covered by warranty against cupping or moisture damage.    Bostik MVP's intended application is moisture protection.**

25.    With respect to Paragraphs "28" and "29" of the Complaint, identify each express warranty that Bostik provided to the Plaintiff with respect to the Bostik MVP, including the person who provided the warranty, the date the warranty was provided, the terms of the warranty, and the form of the warranty (oral and/or written).

**ANSWER:    Written description of product performance characteristics, specification and installation instructions were obtained from Bostik's website, including statements by Bostik Representatives John Burgoyne, Hardwood Products Manager and Robert McNamara, National Sales & Marketing Manager. See web page printout dated 11/9/05 attached hereto as Exhibit "E".**

26.    With respect to Paragraphs "28" through "33" of the Complaint, identify each breach of an express warranty attributable to Bostik, including the date of the breach, the nature of the breach, an each witness to the breach.

-10-

**ANSWER:     Cupping of the flooring and therefore failure of the Lumber Liquidators, Inc. flooring and Bostik MVP to perform as intended, was noticed beginning of January, 2006 - less than one month after installation.  See copy of faxed letter to Pat Foley of Lumber Liquidators, Inc. (Exhibit "F"), S/L Inspection report (Exhibit "A"); Questinspect Report (Exhibit "D"), Bostik Report (Exhibit "D"), and statements from David Draper of Lumber Liquidators, Inc.**

27.     With respect to Paragraphs "28" through "33" of the Complaint, identify each breach of an express warranty attributable to Bostik, including the date of the breach, the nature of the breach, and each witness to the breach.

**ANSWER:     Cupping of the flooring and therefore failure of the Lumber Liquidators, Inc. flooring and Bostik MVP to perform as intended, was noticed beginning of January, 2006 - less than one month after installation.  See copy of faxed letter to Pat Foley of Lumber Liquidators, Inc. (Exhibit "F") and S/L Inspection report (Exhibit "A").**

28.     With respect to Paragraph "33" of the Complaint, identify each item of damage, including the nature of the damage and the amount or value of the economic or peculinary loss to the Plaintiff.

**ANSWER:     Damage of the over 2,800 square feet of floor through cupping.  Replacement cost of cupped flooring (see invoices attached hereto as Exhibit "G".**

-11-

| | |
|---|---|
| **Original Purchase & Installation** | |
| Material (approx.)* | $19,000.00 |
| Labor (approx.)* | $12,000.00 |
| **Sub Total Original Installation** | $31,000.00 |
| | |
| **Replacement** | |
| Material | $24,558.81 |
| Labor | $23,002.50 |
| **Sub Total Replacement** | $47,561.31 |
| | |
| Contingency 15% | $ 7,134.20 |
| 1 floor temp repair | $ 3,062.00 |
| **Sub Total** | $10,196.20 |
| | |
| **Total** | $87,757.51 |

*impossible to determine exactly because costs also include trim which is difficult to itemize in retrospect.

29.   With respect to Paragraph "35" of the Complaint, identify the legal basis or source of the implied warranty referenced therein.

**ANSWER:   The installation of Bostik MVP was specifically specified by Lumber Liquidators, Inc.'s Pat Foley and David Draper in order to maintain product warranty from moisture damage.  Moisture damage occurred despite the installation of MVP.  Bostik MVP Failed to perform as intended and as stated on it's web page.**

30.   With respect to Paragraphs "35" through "39" of the Complaint, identify each breach of an implied warranty attributable to Lumber Liquidators, including the date of the breach, the nature of the breach, and each witness to the breach.

**ANSWER:    Cupping of the flooring and therefore failure of the Lumber Liquidators, Inc. flooring and Bostik MVP to perform as intended, was noticed beginning of January, 2006 - less than one month after installation.  See copy of faxed letter to Pat Foley of Lumber Liquidators, Inc. (Exhibit "F"), S/L Inspection report (Exhibit "A"); Questinspect Report (Exhibit "D"), Bostik Report (Exhibit "D"), and statements from David Draper of Lumber Liquidators, Inc.**

**The installation of Bostik MVP was specifically specified by Lumber Liquidators, Inc.'s Pat Foley and David Draper in order to maintain product warranty from moisture damage.  Moisture damage occurred despite the installation of MVP.  Bostik MVP Failed to perform as intended and as stated on it's web page.**

31.    With respect to Paragraphs "35" through "39" of the Complaint, identify each breach of an implied warranty attributable to Bostik, including the date of the breach, the nature of the breach, and each witness to the breach.

**ANSWER:    Cupping of the flooring and therefore failure of the Lumber Liquidators, Inc. flooring and Bostik MVP to perform as intended, was noticed beginning of January, 2006 - less than one month after installation.  See copy of faxed letter to Pat Foley of Lumber Liquidators, Inc. (Exhibit "F"), S/L Inspection report (Exhibit "A"); Questinspect Report (Exhibit "D"), Bostik Report (Exhibit "D"), and statements from David Draper of Lumber Liquidators, Inc.**

-13-

The installation of Bostik MVP was specifically specified by Lumber Liquidators, Inc.'s Pat Foley and David Draper in order to maintain product warranty from moisture damage. Moisture damage occurred despite the installation of MVP. Bostik MVP Failed to perform as intended and as stated on it's web page.

32. With respect to Paragraph "39" of the Complaint, identify each item of damage, including the nature of the damage and the amount or value of the economic or peculinary loss to the Plaintiff.

**ANSWER:** Damage of the over 2,800 square feet of floor through cupping. Replacement cost of cupped flooring (see invoices attached hereto as Exhibit "G".

| | |
|---|---|
| **Original Purchase & Installation** | |
| Material (approx.)* | $19,000.00 |
| Labor (approx.)* | $12,000.00 |
| **Sub Total Original Installation** | $31,000.00 |
| | |
| **Replacement** | |
| Material | $24,558.81 |
| Labor | $23,002.50 |
| **Sub Total Replacement** | $47,561.31 |
| | |
| Contingency 15% | $ 7,134.20 |
| 1 floor temp repair | $ 3,062.00 |
| **Sub Total** | $10,196.20 |
| | |
| Total | $87,757.51 |

*impossible to determine exactly because costs also include trim which is difficult to itemize in retrospect.

33. Identify each document evidencing or corroborating the allegations

-14-

contained in the Complaint.

**ANSWER:   S/L Inspection reports, photos, QuestInspect Report, Bostik Report, Lumber Liquidators, Inc's David Draper and Pat Foley e-mails, Lumber Liquidators, Inc.'s website and Bostik website.**

34.    To the extent the Plaintiff has commenced or completed making repairs to the areas that allegedly suffered damages allegedly attributable to Bostik MVP, identify:

(a) The date when each repair started.

**ANSWER:    April, 2006**

(b) The date when each repair was completed or expected to be completed.

**ANSWER:    April, 2006**

( c) The type of repairs made.

**ANSWER:    Sanding and refinishing of the flooring.**

(d) The person making the repairs.

**ANSWER:    AC Wood Floors.**

(e) An itemized statement for the cost of each repair, the charges for said repairs.

**ANSWER:    $3,062.00 - See invoices attached hereto as Exhibit "H".**

35.    Identify each document that the Plaintiff received from Bostik, Inc.,

-15-

prior to purchasing the Bostik MVP.

    **ANSWER:    None known.**

    36.    Identify each document that the Plaintiff received from Lumber Liquidators, prior to purchasing the Bostik MVP.

    **ANSWER:    None known.**

    37.    Identify the date on which the Plaintiff first became aware of any damage allegedly attributable to the Bostik MVP.

    **ANSWER:    Plaintiff was aware of the damage on January 11, 2006, although cannot identify when it was first learned that the MVP product may have contributed to the damages.  Likely, it was at or near the time of a site visit by Bostik's Dave Forgetta on February 9, 2006.**

Dated:  Poughkeepsie, NY
         October 23, 2007

                             Yours, etc.

                             DAVID A. SEARS, ESQ.
                             Attorney For Plaintiff
                             One Civic Center Plaza, Suite302
                             Poughkeepsie, New York 12601
                             (845) 483-7327

TO:    J. Scott Greer, Esq.
        Lewis & Greer, P.C.
        Attorney for Defendant Bostik, Inc.
        510 Haight Avenue
        P.O. Box 2990
        Poughkeepsie, NY 12601

Lillian S. Weigert, Esq.
Gellert & Klein, P.C.
Attorneys For Defendant
Lumber Liquidators, Inc.
75 Washington Street
Poughkeepsie, NY 12601
(845) 454-3250

## VERIFICATION

STATE OF NEW YORK     )
                                        )ss.:
COUNTY OF DUTCHESS )


    KLAUS WIMMER, being duly sworn, days:

    I am the Plaintiff in the foregoing action, and have read the annexed Response to Defendant's First Set of Interrogatories and Document Demands to Plaintiff and know the contents thereof and the same are true to my own knowledge, except as to those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                    _____
                                      KLAUS WIMMER


Sworn to before me this 23rd
day of October, 2007

_____
Notary Public

DAVID A. SEARS
NOTARY PUBLIC, State of New York
Qualified in Dutchess County
Commission Expires Nov. 5, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

**2007**-2555

Index No. _____

---

KLAUS WIMMER,

                                Plaintiff,

    -against-

LUMBER LIQUIDATORS, INC. and
BOSTIK, INC.,

                         Defendants.

---

**SUMMONS**
**WITH NOTICE**

Plaintiff designates Dutchess
County as the place of trial

The basis of venue is
Plaintiff's residence in
Dutchess County

*[stamp: MAY -1 PM 3:02]*

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally served upon you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded herein.

Dated: Poughkeepsie, NY
      May 1, 2007

                         *[signature]*

                         DAVID A. SEARS
                         Attorney For Plaintiff
                         One Civic Center Plaza, Suite 302
                         Poughkeepsie, NY 12601
                         (845) 483-7327

**NOTICE:**    The nature of this action is Breach of Warranty and Negligence.
                The relief sought is detailed in the Verified Complaint attached hereto.

Upon your failure to appear, Judgment will be taken against you by default for the relief demanded in the Complaint and the costs of this action.

TO:    LUMBER LIQUIDATORS, INC.                 BOSTIK, INC.
         2 Commerce Street                      211 Boston Street
        Poughkeepsie, NY 12601              Middleton, MA 01949

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
————————————————————————

KLAUS WIMMER,

|                                        | **VERIFIED COMPLAINT** |
|----------------------------------------|------------------------|
|                             Plaintiff, |                        |
|         -against-                      | **INDEX #**            |

LUMBER LIQUIDATORS, INC. and BOSTIK, INC.

                                        Defendants.
————————————————————————

Plaintiff, by its attorney, David A. Sears, complaining of the Defendant, alleges as follows:

1.    At all times hereinafter mentioned, the Plaintiff, Klaus Wimmer, is a resident of the County of Dutchess and State of New York.

2.    Upon information and belief, and at all times hereinafter mentioned, the Defendant, Lumber Liquidators, Inc., was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, and is authorized to do business in the State of New York.

3.    Upon information and belief, and at all times hereinafter mentioned, the Defendant, Bostik, Inc., was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, and is authorized to do business in the State of New York.

4.    On or about November, 2005, Plaintiff purchased approximately 2,800 square feet of solid wood flooring from Defendant, Lumber Liquidators, Inc.

5.    That on or about November, 2005, at the specific insistence of the Defendant, Lumber Liquidators, Inc., the Plaintiff further purchased a product sold and marketed by Lumber Liquidators, Inc., known as Bostik MVP (Moisture Vapor Protection).

6.    That the Defendant, Lumber Liquidators, Inc., through it's employees, ensured that the use of Bostik MVP was required on the floor installation to prevent moisture from traveling from concrete to the solid wood flooring being installed.  That Defendant, Lumber Liquidators, Inc., through it's employees, specifically stated that without the Bostik MVP product, no warranty would be recognized against any cupping that may occur to the floor.

7.    Upon information and belief, Defendant, Bostik, Inc., manufactured and marketed the MVP product to eliminate "moisture-related cupping" and further, that "no moisture testing is required prior to applying MVP".

8.    That on or about December, 2005, the Plaintiff installed the wood flooring purchased from the Defendant, Lumber Liquidators, Inc., together with the Bostik MVP product sold by Defendant, Lumber Liquidators, Inc., and manufactured by Defendant, Bostik, Inc..  Furthermore, the installation of the wood flooring at the Plaintiff's property in Dutchess County, NY, was consistent with all retailers and manufacturers instructions.

9.    That on or about January, 2006, the Plaintiff observed the wood floor cupping, and further, that the cupping resulted from a failure of the MVP product that was installed at the specific instance and requirement of Defendant, Lumber Liquidators, Inc., and manufactured and marketed by Defendant, Bostik, Inc.

10.    That as a result fo the cupping of the solid wood floor, the Plaintiff has been damaged.

## AS AND FOR A FIRST CAUSE OF ACTION

11.    Repeat and reiterate Paragraphs "1" through "10" with the same force and effect as if fully set forth herein at length.

12.    The Defendants had a duty to use reasonable care in supplying a safe and proper product in testing, designing, manufacturing, recommending and selling the same for the Plaintiff's purposes.

13.    The Defendants breached their duty of due and reasonable care in doing the acts alleged herein, so negligently and carelessly designing, manufacturing, recommending, testing or failing to test, it's product so as it to be unsuitable for use as recommended, thereby causing moisture damage to a wood floor resulting in cupping.

14.    At the time the Defendant's designed, manufactured, recommended and sold the product to the Plaintiff, Defendants, in the exercise of reasonable care, knew, or should have known, it's product would be unsuitable as recommended and not provide the moisture protection as represented.

15.    The Defendants knew, or should have known, that it's negligent acts or omissions would cause severe damage to the Plaintiff's property.

16.    That despite that knowledge, the Defendants failed to warn the Plaintiff, at any time, of the substantial risk of damage created by it's product, or to take any action to eliminate the substantial dangers and hazzards that the Defendants had created.

17.    That as a direct and proximate result of the Defendants conduct, the wood flooring installed by the Plaintiff was substantially damaged.

18.    That as a direct and proximate result of the damage caused to the Plaintiff, Plaintiff has suffered general damage and special damages in an amount that exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

19.    Repeat and reiterate Paragraphs "1" through "18" with the same force and effect as if fully set forth herein at length.

20.    Defendants were, at all times material and relevant, engaged in the business of designing, manufacturing, recommending, supplying or selling wood floor products, adhesives and related installation materials necessary to install solid wood floors for the use by the members of the general public, and as part of its business, the Defendants, Lumber Liquidators, Inc. and Bostik, Inc., manufactured, recommended and supplied its product to the Plaintiff.

21.    The Defendant's product was, as designed, manufactured, recommended, supplied and sold, defective and unreasonably dangerous for it's intended use in that the product would, without warning, fail, thereby causing substantial water damage to solid wood floors.

22.    The Defendant's product was, at the time of it's installation in the Plaintiff's property, installed in accordance with all directions provided by Defendants, Lumber Liquidators, Inc. and Bostik, Inc.

23.    At the time the Defendants designed, manufactured, recommended, sold and supplied its product to the Plaintiff, the Defendants knew, or should have known, that its product was defective.

24.    That despite that knowledge, the Defendants failed to warn the Plaintiff at any time of the substantial risk, that the product would cause cupping and water damage to Plaintiff's property.

25.    As a direct proximate and foreseeable result of the above stated defect, and the failure of the Defendant to properly warn the Plaintiff as alleged herein, the wood flooring installed by the Plaintiff at Plaintiff's residence on or about  January, 2006, was substantially damaged.

26.    As a direct and proximate result of the Defendants actions, Plaintiff has

suffered damages in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

27.    Repeat and reiterate Paragraphs "1" through "26" with the same force and effect as if fully set forth herein at length.

28.    Defendants, Lumber Liquidators, Inc. and Bostik, Inc., expressly warranted to the Plaintiff, that its product (MVP) was safe and proper for it's intended use, to prevent water vapor from damaging a wood floor being installed over concrete.

29.    The Defendants promises and affirmations were the basis of the bargain to purchase the MVP product between the Defendants and the Plaintiff.

30.    That Plaintiff only used the Defendants product for it's intended use and specifically followed all of the directions provided by the Defendants, Lumber Liquidators, Inc. and Bostik, Inc.

31.    The Defendants product was not safe or suitable for it's intended use, therefore, the Defendants warranty was breached.

32.    That as a direct and proximate result of the breach of warranty, the Defendants solid wood floor was damaged by water vapor and cupping occurred, resulting in substantial damage.

33.    That as a direct and proximate result of the Defendants breach of warranty, Plaintiff has suffered damages in an amount that exceeds the jurisdiction of all lower courts, which otherwise would have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

34.    Repeat and reiterate Paragraphs "1" through "33" with the same force and effect as if fully set forth herein at length.

35.    By selling the MVP product to the Plaintiff, Defendant, as a matter of law, impliedly warranted that its product was merchantable and that it was fit for the ordinary purposes for which the MVP products are used.

36.    Plaintiff only used the Defendants product for it's intended use as a moisture vapor barrier beneath the installed wood floor.

37.    Defendants product was not fit for it's intended use, therefore, the Defendants warranty was breached.

38.    As a direct and proximate result of the Defendants breach of warranty, the Defendants wood floor was damaged by moisture vapor and resulted in cupping, and the Plaintiff sustained substantial damage.

39.    As a direct and proximate result of the Defendant's breach of warranty, the Plaintiff has suffered damages in an amount that exceeds the sum of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount that exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction, together with interest, costs and disbursements of this action and for such other and further relief as to this Court may seem just and proper.

DATED:    Poughkeepsie, New York
          May 1, 2007

                                        Yours, etc.

                                        DAVID A. SEARS
                                        Attorney For Plaintiff
                                        One Civic Center Plaza, Suite 302
                                        Poughkeepsie, NY 12601
                                        (845) 483-7327

TO:    LUMBER LIQUIDATORS, INC.
2 Commerce Street
Poughkeepsie, NY 12601

BOSTIK, INC.
211 Boston Street
Middleton, MA 01949

## VERIFICATION

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF DUTCHESS)

KLAUS WIMMER, being duly sworn, says:

I am the Plaintiff in the foregoing action, and I have ready the annexed Complaint and know the contents thereof and the same are true to my own knowledge, except as to those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
KLAUS WIMMER

Sworn to before me this 1st
day of May, 2007

_____
NOTARY PUBLIC

DAVID A. SEARS
Notary Public, State of New York
No. 02SE4974158
Qualified in Dutchess County
Commission Expires Nov. 5, 20__

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index # 2007-2555                                    Purchased/Filed: May 1, 2007

STATE OF NEW YORK            SUPREME COURT            DUTCHESS COUNTY

_Klaus Wimmer_                                            Plaintiff

against

_Lumber Liquidators, Inc., et ano_                        Defendant

STATE OF NEW YORK
COUNTY OF ALBANY            SS.:

_____ Jessica Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ June 13, 2007 _____ , at _2:00 pm_ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons with Notice and Verified Complaint

on

_____ Bostik, Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Amy Lesch _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, _1_ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _40_ dollars; That said service

was made pursuant to Section _307 Business Corporation Law_ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served: Approx. Age: _23_    Approx. Wt: _160_    Approx. Ht: _5'9"_

Color of skin: _White_    Hair color: _Blonde_    Sex: _F_    Other: _____

Sworn to before me on this

_15th_ day of _____ June, 2007 _____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4896570, Qualified in Albany County
Commission Expires June 15, 2007

Jessica Miller

Invoice-Work Order # SP0703815

SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179

DUTCHESS COUNTY
CLERK'S OFFICE
RECEIVED

2007 JUL 23  PM 4: 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

---

KLAUS WIMMER,

                 Plaintiff,

-against-

LUMBER LIQUIDATORS, INC. and
BOSTIK, INC.,

                 Defendants.

---

**VERIFIED
ANSWER WITH
AFFIRMATIVE DEFENSES
AND CROSS-CLAIM**

Index No. 2007-2555

Lumber Liquidators, Inc. ("LLI"), by its attorneys, Gellert & Klein, P.C., for its answer and defenses to the complaint of plaintiff Klaus Wimmer ("plaintiff") respectfully alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 3, 7, 22, and 30 of the complaint.

2.      Admits the allegations contained in paragraphs 2 and 4 of the complaint.

3.      Denies the allegations of paragraphs 6, 10, 13, 14, 15, 16, 17, 18, 21, 23 , 24, 25, 26, 28, 29, 31, 32, 33, 37, 38 and 39 of the complaint.

4.      As to the allegations of paragraphs 8, 9, and 36 of the complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations, but to the extent these paragraphs allege or imply any wrongdoing by LLI with respect to such sale, the allegations are denied.

5.      As to the allegations of paragraph 5 of the complaint, LLI admits that plaintiff purchased the referenced product, Bostik MVP, from LLI, denies all other allegations contained therein and to the extent this paragraph alleges or implies any wrongdoing by LLI with respect to such purchase, the allegations are denied.

6.      As to paragraph 20, LLI admits that it is engaged in the business of supplying and/or

1

selling wood flooring and related products to install and maintain wood flooring, and admits it sold

certain products to plaintiff, but to the extent this paragraph alleges or implies any wrongdoing by LLI

with respect to such sale or conduct, the allegations are denied.

7.    As to paragraphs 12 and 35 of the complaint, these paragraphs set forth legal conclusions,

for which no answer is required, but to the extent that these paragraphs allege or imply any wrongdoing

on the part of LLI, such allegations are denied.

8.    As to paragraphs 11, 19, 27, and 34, LLI repeats and realleges the pertinent answers to

these paragraphs as if fully set forth herein.

9.    To the extent the complaint fails to delineate which allegations apply to only one of the

co-defendants, LLI denies knowledge or information sufficient to form a belief as to matters and

allegations regarding products, services, or actions attributable in the complaint to Bostik, Inc.

("Bostik").

DEFENSES

LLI, without assuming the burden of proof on those matters for which plaintiff bears such

burden, alleges for its defenses in this action as follows:

FIRST DEFENSE

10.    The complaint fails to state a cause of action upon which relief may be granted.

SECOND DEFENSE

11.    The damages alleged in the complaint were caused, in whole or in part, by the careless,

reckless, and/or negligent acts of omission or commission by plaintiff or his agents in improperly

storing, installing and/or maintaining plaintiff's wood floor.

2

AS AND FOR A CROSS-CLAIM AGAINST
DEFENDANT BOSTIK, INC.

12.    If plaintiff sustained damages at the time and places alleged in the complaint by reason other than plaintiff's own carelessness, recklessness and/or negligent acts of omission or commission, and if it is found that LLI is liable to plaintiff herein, all of which are specifically denied, then LLI is entitled to contractual and common law indemnification from Bostik, based on the careless, reckless, negligent acts of omission or commission and/or breach of contract and/or breach of statute and/or gross negligence and/or breach of warranty of the said co-defendant.

WHEREFORE, LLI respectfully seeks judgment:

1.    Dismissing the complaint against LLI;

2.    Awarding the costs and disbursements of this action, including reasonable attorneys' fees;

3.    Awarding judgment on its cross claim for apportionment, contribution and indemnification, including attorneys and investigative fees; and

4.    Awarding such other relief as this Court deems just and proper.

Dated: July 20, 2007
       Poughkeepsie, NY

GELLERT & KLEIN, P.C.

BY:    *Lillian S. Weigert*
       LILLIAN S. WEIGERT
       Attorneys for Defendant
       Lumber Liquidators, Inc.
       75 Washington Street
       Poughkeepsie, NY 12601
       (845) 454-3250

3

TO:    David A. Sears, Esq.
         Attorney for Plaintiff
         Klaus Wimmer
         One Civic Center Plaza, Suite 302
         Poughkeepsie, NY 12601
         (845) 483-7327

         Bostik, Inc.
         211 Boston Street
         Middleton, MA 01949-2128

4

## VERIFICATION

COMMONWEALTH OF VIRGINIA )
)
COUNTY OF JAMES CITY )

    E. Livingston B. Haskell, being duly sworn, deposes and says that he is Secretary and General Corporate Counsel of Lumber Liquidators, Inc., a defendant in this action; that he has read the within verified answer with affirmative defenses and cross-claim; that he is familiar with its contents; that the same is true to the best of his knowledge, except as to those matters stated to be upon information and belief, and as to those matters he believes them to be true; and that he makes this verification because Lumber Liquidators, Inc. is a corporation and he is an officer thereof.

Sworn to before me on
July _18TH_, 2007.

Notary Public

Embossed Hereon Is My
Commonwealth of Virginia Notary Public Seal -
My Commission Expires March 31, 2010.
PATSY W. FARMER
# 183372

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

-----------------------------------------------------------------------

KLAUS WIMMER,

**ANSWER TO VERIFIED**
**COMPLAINT**

                                    Plaintiff,

Index No. 2007-2555

          -against-

LUMBER LIQUIDATORS, INC., and BOSTIK, INC.

                                    Defendants.

-----------------------------------------------------------------------

      Defendant Bostik, Inc. ("Bostik"), by and through its attorney Lewis & Greer, P.C. answering

the Verified Complaint of the Plaintiff Klaus Wimmer, alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs 1, 2, 4, 5, 6, 10 and 36 of the complaint.

      2.    Denies each and every allegation contained in paragraphs 3, 7, 8, 11, 13, 14, 15, 16, 17,

18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, and 39 of the complaint.

      3.    Denies the allegations contained in paragraph 9 of the complaint to the extent it alleges

that the case arises out of defects in materials provided by Bostik and denies knowledge or information

sufficient to form a belief as to the remaining allegations in the paragraph.

      4.    Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 12 of the complaint, except denies the allegations to the extent the Plaintiff

alleges the product manufactured by Bostik is dangerous or defective.

1

## FIRST AFFIRMATIVE DEFENSE

5.    The Plaintiff's claims are barred by the applicable statute(s) of limitations.

## SECOND AFFIRMATIVE DEFENSE

6.    The Plaintiff fails to state a cause of action upon which the court can grant relief in that, among other things, (a) the Plaintiff lacks privity of contract with Bostik, and (b) the Plaintiff fails to plead with particularity his claim for negligent misrepresentation in violation of CPLR 3015(b).

## THIRD AFFIRMATIVE DEFENSE

7.    Bostik is not in any way at fault for the damages alleged in the complaint in that the damages, if any, were directly caused by the application and use of the product in a manner which was contrary to Bostik's express and adequate instructions and to industry standards.

## FOURTH AFFIRMATIVE DEFENSE

8.    Bostik is not at fault for the damages alleged in the complaint because the damages, if any, were upon information and belief, the direct and proximate result of the Plaintiff's contributory negligence and culpable conduct or omissions, and/or the conduct or omissions of third parties, in that they, among other things: failed to properly inspect the wood flooring and concrete foundation at the premises; (b) failed to properly maintain the concrete flooring at the premises, particularly in areas where new flooring was being installed; (c) failed to properly repair the concrete flooring at the premises; (d) failed to exercise reasonable care, maintenance, and repair of the premises; (e) failed to follow instructions or ordinary care in

the application of Bostik product; and (f) otherwise by their acts or omissions caused the damages alleged

by Plaintiff.

9.      As a result thereof, the Plaintiff's damages, if any, should be diminished and reduced in the

proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which

caused the damages.

### FIFTH AFFIRMATIVE DEFENSE

10.      Plaintiff has failed to obtain, and has no personal jurisdiction over Defendant Bostik.


**WHEREFORE,** Defendant BOSTIK, INC., demands judgment dismissing Plaintiff's

Complaint, together with costs and disbursements of this action.


Dated:      Poughkeepsie, New York
            July 26, 2007

                        YOURS, ETC.,


                        _____
                        Lou Lewis, Esq.
                        A Member of the Firm
                        LEWIS & GREER, P. C.
                        Attorney for Defendant Bostik, Inc.
                        Office and P. O. Address
                        510 Haight Avenue, P. O. Box 2990
                        Poughkeepsie, NY   12603
                        Telephone:  845-454-1200

STATE OF NEW YORK     )
COUNTY OF DUTCHESS    ) ss:

    I, the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York state that I am a member of the law firm of LEWIS & GREER, P. C., the attorneys of record for the Defendant Bostik, Inc., in the within action, with offices located at 510 Haight Avenue, Poughkeepsie, New York; I have read the foregoing Verified Answer and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

    The grounds of my belief as to all matters not stated upon my own knowledge are based upon review of correspondence, records and reports in my possession.

    The reason this verification is made by me and not by Defendant Bostik, Inc., is that the Defendant does not maintain an office in the County where affirmant's office is located.

    I affirm that the foregoing statements are true, under penalties of perjury.

Dated:     Poughkeepsie, New York
            July 26, 2007

                       Lou Lewis, Esq.

4

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
COUNTY OF DUTCHESS   ) ss:

      MOLLY ALBRECHT, being sworn says:  I am not a party to the action, am over 18 years of age and reside at NEW PALTZ, New York.

      On July 26, 2007I served the within **ANSWER TO VERIFIED COMPLAINT** by depositing a true copy thereof, enclosed in a post-paid wrapper, via first class mail, in an official depository under the exclusive care and custody of the U. S. Postal Service, addressed to the following:

David Sears, Esq.
One Civic Center Plaza
Suite 302
Poughkeepsie, New York 12601

Lillian S. Weigert, Esq.
Gellert & Klein, P.C.
75 Washington Street
Poughkeepsie, New York 12601

MOLLY ALBRECHT

Sworn to before me on the
26th of JULY, 2007.

Notary Public

Rebecca A. Curtis
Notary Public, State of New York
No. #01CU6122811
County of Dutchess
Commission Expires 2 / 22 / 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

-------------------------------------------------------------------------

KLAUS WIMMER,

**VERIFIED AMENDED
ANSWER TO VERIFIED
COMPLAINT**

Plaintiff,

-against-

Index No. 2007-2555

LUMBER LIQUIDATORS, INC. AND BOSTIK, INC.

Defendants.

-------------------------------------------------------------------------



Defendant Bostik, Inc. ("Bostik") by and through its attorney Lewis & Greer, P.C.

answering the Verified Complaint of the Plaintiff Klaus Wimmer, alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs 1, 2, 4, 5, 6 ,8, 10, and 36 of the Verified Complaint.

2.      Denies each and every allegation contained in paragraphs 3, 7, 13, 14, 15, 16, 17,

18, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 35, 37, 38 and 39 of Verified Complaint.

3.      Denies the allegations contained in paragraph 9 of the Verified Complaint to the

extent it alleges that the case arises out of defects in materials provided by Bostik, and denies

knowledge or information sufficient to form a belief as to the remaining allegations in that

paragraph.

4.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 12 of the Verified Complaint, except denies the allegations to the extent

the Plaintiff alleges the product manufactured by Bostik is dangerous or defective.

## FIRST AFFIRMATIVE DEFENSE

5.     The Plaintiff fails to state a cause of action upon which the court can grant relief in that, among other things, the Plaintiff lacks privity of contract with Bostik.

## SECOND AFFIRMATIVE DEFENSE

6.     The Plaintiff's First Cause of Action and Second Cause of Action for negligence and strict products liability, respectively, fail to state a cause of action upon which the Court can grant relief because the "economic loss rule" bars recovery in negligence or strict products liability for economic or peculinary losses allegedly resulting from the use of a defective product.

## THIRD AFFIRMATIVE DEFENSE

7.     Upon information and belief, the Manufacturer's Limited Warranty for the product identified in paragraph 5 of the Verified Complaint expressly states that "A PURCHASER'S SOLE REMEDY FOR NONCOMPLIANCE WITH THIS WARRANTY SHALL BE THE PRODUCT OR REFUND OF THE PURCHASE PRICE," and expressly "DISCLAIMS ALL OTHER EXPRESS OR IMPLIED WARRANTIES, INCLUDING WARRANTIES OF MERCHANTABLILTY AND FITNESS FOR A PARTICULAR PURPOSE, AND LIABILITY FOR DIRECT, INCIDENTAL, CONSEQUENTIAL, OR SPECIAL DAMAGES."

## FOURTH AFFIRMATIVE DEFENSE

8.     Bostik is not in any way at fault for the damages alleged in the complaint in that the damages, if any, were directly caused by the application and use of the product in a manner which was contrary to Bostik's express and adequate instructions and to industry standards.

## FIFTH AFFIRMATIVE DEFENSE

9.     Bostik is not at fault for the damages alleged in the complaint because the damages, if any, were upon information and belief, the direct and proximate result of the Plaintiffs' contributory negligence and culpable conduct in that they, among other things, failed to properly inspect the wood flooring and concrete foundation at the premises;  (b) failed to properly maintain the concrete flooring at the premises, particularly in areas where new flooring was being installed; (c) failed to properly repair the concrete flooring at the premises;  (d) failed to exercise reasonable care, maintenance, and repair of the premises and (e) failed to follow instructions or ordinary care in the application of Bostik product.

10.     As a result thereof, the Plaintiffs' damages, if any, should be diminished and reduced in the proportion which the culpable conduct attributable to the Plaintiffs bears to the culpable conduct which caused the damages.

## SIXTH AFFIRMATIVE DEFENSE

11.    That Plaintiff has failed to obtain, and has no personal jurisdiction over the Defendant Bostik.

**WHEREFORE,** defendant, Bostik, Inc., demands judgment dismissing Plaintiffs' Verified Complaint, together with costs and disbursements of this action.

Dated:    Poughkeepsie, New York
          August 9, 2007

YOURS, ETC.,

J. Scott Greer, Esq.
A Member of the Firm
LEWIS & GREER, P. C.
*Attorney for Defendant, Bostik, Inc.*
Office and P. O. Address
510 Haight Avenue, P. O. Box 2990
Poughkeepsie, NY  12603
Telephone:  845-454-1200

TO:    David Sears Esq.
       *Attorney for Plaintiff, Klaus Wimmer*
       One Civic Center Plaza, Suite 302
       Poughkeepsie, NY  12601


       Lillian S. Weigert Esq.
       *Attorney for Defendant, Lumber Liquidators, Inc.*
       Gellert & Klein, P.C.
       75 Washington Street
       Poughkeepsie, NY  12601

4

STATE OF NEW YORK    )
COUNTY OF DUTCHESS    ) ss:

I, the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York state that I am a member of the law firm of LEWIS & GREER, P. C., the attorneys of record for the Defendant Bostik, Inc. in the within action, with offices located at 510 Haight Avenue, Poughkeepsie, New York; I have read the foregoing Verified Amended Answer to the Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are based upon review of correspondence, records and reports in my possession.

The reason this verification is made by me and not by Defendant Bostik Incorporated is that the Defendant does not maintain an office in the County where affirmant's office is located.

I affirm that the foregoing statements are true, under penalties of perjury.

Dated:    Poughkeepsie, New York
         August 13, 2007

_____
J. Scott Greer, Esq.

5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
COUNTY OF DUTCHESS    ) ss:

      MELODIE-ALLYN BENEZRA, being sworn says:  I am not a party to the action, am over 18 years of age and reside at Poughkeepsie, New York.

      On August 13, 2007, I served the within VERIFIED AMENDED ANSWER TO VERIFIED COMPLAINT by depositing a true copy thereof, enclosed in a post-paid wrapper, via first class mail, in an official depository under the exclusive care and custody of the U. S. Postal Service, addressed to the following:

DAVID A. SEARS, ESQ.
*Attorney for Plaintiff, Klaus Wimmer*
One Civic Center Plaza, Suite 302
Poughkeepsie, NY 12601

LILLIAN S. WEIGERT, ESQ.
*Attorney for Defendant, Lumber Liquidators, Inc.*
Gellert & Klein, P.C.
75 Washington Street
Poughkeepsie, NY 12601

                                      *Melodie-allyn Benezra*
                                   MELODIE-ALLYN BENEZRA

Sworn to before me on the
13 day of AUGUST, 2007

*Rebecca Curtis*
Notary Public

      Rebecca A. Curtis
Notary Public, State of New York
     No. #01CU6122811
     County of Dutchess
Commission Expires 2 / 23 / 2009